THOMAS PLUMMER AND DAVID WISHART, PLAINTIFFS IN ERROR, V. E. J. SHELLHORN ET AL., DEFENDANTS IN ERROR.

1.  Pleading: ANSWER: BURDEN OF PROOF. Where the answer of certain sureties upon a bond to secure the fulfillment of a building contract contains a general denial, it devolves upon the plaintiffs to prove that labor and material furnished by them to complete the building were within the terms of the contract, and necessary to its fulfillment.

2.  Instructions set out in the opinion, *Held*, To be erroneous.

ERROR to the district court for Pawnee county.    Tried below before BROADY, J.

*J. K. Goudy* and *A. H. Babcock,* for plaintiffs in error.

*Humphrey & Lindsay,* for defendants in error.

MAXWELL, J.

The plaintiffs herein are sureties of one E. C. Dailey, who entered into a contract with the defendants herein, as trustees, to erect a church edifice at Pawnee City. The contract price for the building was $4,428, and the plaintiff gave a bond, signed by the plaintiffs, in the sum of $8,800, conditioned that Dailey should faithfully perform · the contract. The contract contains the following provisions: "That the said party of the second part does hereby for himself, his heirs, executors, administrators, or assigns, covenant, promise, and agree to and with the said party of the first part, their successors or assigns, that he, the said party of the second part, his heirs, executors, administrators, or assigns, shall and will, for the consideration hereinafter mentioned, on or before the 20th day of October, A.D. 1883, well and sufficiently erect, finish, and deliver, in a true, perfect, and thoroughly workmanlike manner, the brick church building of the First Methodist Episcopal Church of Pawnee City, Nebraska, for the party of the first part, on  *  *  *  lots numbers 1, 2, 3, and 4, in block number 46, in North Pawnee City, Pawnee county, and state of Nebraska, agreeably to the plans, drawings, and specifications prepared for said works by B. D. Price, architect, and also agreeable to the supplemental specifications prepared by the building committee and trustees of said church, to the satisfaction and under the direction and personal supervision of said trustees and building committee, and will find and provide such good, proper, and sufficient materials of all kinds whatsoever as shall be proper and sufficient for the completing and finishing all the said church building, and other works of the

said building mentioned in the plans, specifications, and supplemental specifications, and signed by the said parties, within the time aforesaid, for the sum of four thousand four hundred and twenty-eight dollars. Building to be complete in every respect, excepting seats, pulpit, and pulpit railing, glass for all large windows in church, and six windows in tower."

The contract in full is set out in the petition, and judgment is claimed for $1,247.82.

The defendants below, in their answer, say that they refused to sign the bond of Dailey unless the words "on order of E. C. Dailey, signed by" were inserted in the contract, so that Dailey, who was considered somewhat unreliable, should certify the amount due each week for labor and material used in said church, but should not be permitted to draw any of the contract price until the completion of the work, and that but 75 per cent of the contract price should be paid for the said work and material until said building was completed. There are other allegations in the answer, to which it is unnecessary to refer. There is also a denial of the allegations of the petition.

On the trial of the cause the jury returned a verdict in favor of the plaintiffs below for the sum of $1,120.73, and also answered certain special interrogatories submitted by the court.

Before the contract was completed, Dailey abandoned the work and absconded; the condition of the building at the time of such abandonment is described by a witness as follows: "The building was enclosed and floors were laid and wainscoting was in, the wainscoting was on, but not capped, the cap was to put on yet and quarter round below, and that was about all done inside, that is the carpenter work; the plastering, I think, was all done, with the exception of finishing at the base with the corner bead."

The defendants in error claim to have paid Dailey, prior to such abandonment, the sum of $3,446.07. They also

claim that they immediately notified the plaintiffs in error, and not hearing from them, two days afterwards proceeded to employ mechanics and complete the building, at a cost of $5,675.82. None of the vouchers upon which' orders were issued on the treasurer of the church were offered in evidence. Nor do the accounts attached as exhibits show that such vouchers or estimates were made. The testimony also shows that two very large bills for glass, presumably for the windows, were charged to the plaintiffs; that the carpenter work in putting up and placing the seats was also charged in the carpenter's bill, and that certain changes were made of which no separate account has been made.

It devolved on the plaintiffs below, under the issue made by the pleadings, to prove that the work performed by them and the material furnished in completing the building were within the terms of the contract. This they failed to do as to several items, which we are unable to separate from the others.

While the jury were deliberating upon the verdict, they sent the following inquiry to the court: "Does the violation of a contract, without damaging the other party, set aside the contract?" Whereupon the court instructed them as follows: "In answer to this question explained orally by your foreman, the court instructs that the manner of drawing the orders is not of the substance of the contract. The substance is the paying of the money on the labor and material that went into the church, as regards the plaintiffs' obligations. The defendant can not complain in this action on account of the form of the order on which any payment was actually made by plaintiffs on labor or materials that actually went into the building according to the terms of the contract for the erection of the building."

What the oral explanation of the foreman may have been we do not know, as it does not appear in the record.

The instruction, however, is vague and indefinite, and not applicable either to the issues or testimony, and could not fail to have been prejudicial to the plaintiffs in error.

The judgment of the district court is reversed, and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.